**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CRIMINAL ACTION NO. 5:19-CR-00095-KDB-DCK**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **CYIANA ASHLEY WOODS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's *pro se* Motion for a Stay of her Restitution Payments, which the United States opposes. (Doc. Nos. 86, 88). The Court has carefully reviewed the Motion, the parties' briefs, and other relevant pleadings of record. For the reasons discussed below, the Court will deny the Motion.

## I. FACTUAL BACKGROUND

On January 6, 2022, this Court sentenced the Defendant to a term of 60 months imprisonment for conspiracy to commit wire fraud and conspiracy to commit money laundering. *See* Doc. No. 81. The Court also imposed an assessment of $200.00 and restitution of $923,915.00 to be paid joint and severally with a co-defendant. *Id.*

On May 6, 2022, the Bureau of Prisons ('BOP") began deducting Defendant's Inmate Financial Responsibility Program ("IFRP") payments at a rate of $50.00 per month. Defendant has so far paid the $200.00 assessment and a total of $1,691.33 towards restitution. Out of the $1,691.33 total restitution paid, $250.00 was paid through the IFRP and $1,441.33 was paid through the Treasury Offset Program. The current balance on the restitution order is $917,698.65. The Defendant has now moved for a stay of her restitution payments until she is released from

prison, or in the alternative, an order to reinstate a payment schedule of $25.00 per quarter. *See* Doc. No. 86. The matter is now ripe for the Court's consideration.

## II. DISCUSSION

Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the BOP. *See United States v. Boulware*, No. 1-09-CR-55, 2016 WL 4418239, at *1 (W.D.N.C. Aug. 17, 2016) (citing *McGhee v. Clark*, 166 F.3d 884, 887 (7th Cir. 1999)); *United States v. Diggs*, 578 F.3d 318, 319-20 (5th Cir. 2009) (challenges to BOP programs must be brought under 28 U.S.C. § 2241 after all administrative remedies have been exhausted). Once all administrative remedies have been exhausted, a defendant may challenge such payments only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. *Boulware*, 2016 WL 4418239, at *1 (citations omitted). Here, the Defendant's Motion fails because she has not established that her administrative remedies have been exhausted. The Defendant does not address whether she has requested the BOP to modify or adjust the amount and frequency of her IFRP contributions. Accordingly, it is unclear if she has exhausted her administrative remedies and the Court will therefore deny the Motion.[1,2]

Additionally, if the Court were to construe the Defendant's Motion as a motion to amend the judgment it would still fail. The Defendant was ordered to pay restitution under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A *et seq*. The MVRA allows modification of

---

[1] Even assuming the Defendant did exhaust her administrative remedies, this Court is not located in the district of confinement and is therefore not the proper venue for her motion. The Defendant is confined in Aliceville, Alabama (FCI Aliceville).

[2] The Defendant is free to end her participation in the IFRP at any time. *See* 28 C.F.R. § 545.11(d). Participation in the IFRP is strictly voluntary. However, participation does result in certain privileges being available to an inmate that would otherwise be unavailable.

final restitution orders in five circumstances: (1) an order of restitution may be corrected within fourteen days after sentencing for arithmetical, technical, or other clear error under Federal Rule of Criminal Procedure 35(a); (2) an order of restitution may be corrected or modified on appeal under § 3742; (3) an order of restitution may be amended under § 3664(d)(5) because losses were not ascertainable at the time of sentencing; (4) the payment schedule or manner in which restitution must be paid may be adjusted under § 3664(k), 3572, or 3613A; and (5) the defendant may be resentenced under § 3565 or 3614. 18 U.S.C. § 3664(o)(1)(A)-(D) and (o)(2). The Defendant has failed to establish that any of these circumstances apply here.

**IT IS THEREFORE ORDERED THAT** the Defendant's *pro se* Motion for a Stay of her Restitution Payments, Doc. No. 86, is **DENIED**.

**SO ORDERED**

Signed: May 15, 2023

Kenneth D. Bell
United States District Judge